76666.0244

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CELSO MARTINEZ, JR. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil Action No. 5:17-CV-00187 |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY AND | § | |
| ANNA DAVIS | § | |
| | § | |
| Defendants | § | |

## DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, ("Travelers" or "Defendant"), files its Amended Notice of Removal of this action from the 49TH Judicial District Court, Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

## I.
## INTRODUCTION

1. On August 30, 2017, Plaintiff Celso Martinez, Jr. filed his original petition in the 49TH Judicial District Court, Webb County, Texas captioned *Celso Martinez, Jr. v. Travelers Lloyds of Texas Insurance Company and Anna Davis*, Cause Number 2017CVH002022D1 (the "State Court Action").

76666.0244

2. Citation for the State Court Action was issued on September 7, 2017 and served on Defendant Travelers Lloyds of Texas Insurance Company via Certified Mail on September 11, 2017.

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiff failed to state the amount of damages sought, in violation of Texas Rule of Civil Procedure 47(c). *See* Exhibit A-1. Plaintiff's homeowners insurance policy has building limits of liability of $134,000. Plaintiffs seek damages for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, attorneys' fees, and exemplary damages. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs

5. Plaintiff was at the time of the filing of this action, has been at all times since, and still is an individual resident citizen of Texas. *See* Exhibit A-1. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

6. Defendant Travelers Lloyds of Texas Insurance Company is a Lloyd's plan insurance association and is an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993): *see*

76666.0244

*also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001)(" For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.).

7. At the time of the filing of this action, and at all times since, including the date of removal, Travelers Lloyds of Texas Insurance Company's underwriters are all citizens of Connecticut; none of its underwriters are citizens of Texas. *See* Exhibit B. Accordingly, Travelers Lloyds of Texas Insurance Company is a citizen of Connecticut.

8. Defendant Anna Davis ("Davis") was at the time of the filing of this action, has been at all times since, and still is an individual resident citizen of the State of Connecticut. *See* Exhibit C.

9. Because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

10. Davis consents to this removal. *See Exhibit D.*

11. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

12. This Amended Notice of Removal is filed within thirty (30) days after service (on September 8, 2017) by Defendants of the State Court Action. This Amended Notice of Removal is also filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, is timely filed pursuant to 28 USC §1446 (b).

## III.
## PROCEDURAL REQUIREMENTS

3

76666.0244

13. In accordance with 28 USC section 1446 (D), Defendants will promptly give written notice of this Amended Notice of Removal to Plaintiffs through counsel of record and previously filed a copy of their Notice of Removal in the 244TH Judicial District Court, Ector County, Texas.

14. Defendants reserve the right to amend or supplement this Notice of Removal.

15. The following are included in the Appendix filed contemporaneously with this Notice of Removal:

(a) an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

(b) a copy of the civil cover sheet in the State Court Action;

(c) a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

(d) a separately filed JS-44 Civil Cover Sheet.

For the above reasons, Defendants give notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: 26 September, 2017

76666.0244

Respectfully submitted,

ADAMI, SHUFFIELD, SCHEIHING
    & BURNS, P.C.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone (210) 344-0500
Telecopier (210) 344-7228
bscheihing@adamilaw.com

By: _/s/ Robert F. Scheihing_
ROBERT F. SCHEIHING
State Bar No. 17736350

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 26 day of September, 2017:

Thomas M. Furlow
FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
tfurlow@furlowlawfirm.com

_/s/ Robert F. Scheihing_
ROBERT F. SCHEIHING